CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 3 1 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFERY DEWAYNE WAYNICK, )<br>Petitioner, ) | Civil Action No. 7:08-cv-00396 |
| v. ) | **MEMORANDUM OPINION** |
| GENE JOHNSON, )<br>Respondent. ) | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Jeffery DeWayne Waynick, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 conviction and 10-year sentence by the Buchanan County Circuit Court for malicious bodily injury. Waynick alleges several grounds of ineffective assistance of counsel. The court finds that Waynick's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On April 15, 2003, a jury convicted Waynick of malicious bodily injury and the Buchanan County Circuit Court sentenced him to 10 years incarceration. Waynick filed an appeal to the Court of Appeals of Virginia, which affirmed his conviction and denied his petition for rehearing. Thereafter, Waynick appealed to the Supreme Court of Virginia, which refused his petition on January 12, 2005. Waynick did not file a petition for writ of certiorari to the Supreme Court of the United States. However, he did file a state habeas petition in the Buchanan County Circuit Court on January 4, 2006, and the court dismissed his petition on February 28, 2006. Waynick did not appeal the circuit court's dismissal of his habeas petition.

Waynick filed the instant federal habeas petition on June 2, 2008, alleging that counsel was ineffective in failing to (1) "move for a separate trial," (2) conduct a "meaningful investigation into all plausible lines of defense," (3) conduct a "meaningful cross-examination of the Commonwealth witness," and (4) "assert [a] Constitutional right to cross-examine."

II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of

a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] In this case, the statute of limitations began to run on April 12, 2005, the date on which Waynick's conviction became final. However, the time during which a properly filed state habeas petition is pending is not counted toward the period of limitation. 28 U.S.C. § 2244(d)(2). Accordingly, the 55 days, from January 4, 2006 to February 28, 2006, during which Waynick's state habeas petition was pending in the Buchanan County Circuit Court does not count toward his limitation period. Thus, when his state habeas petition was dismissed, he had less than 100 days remaining during which he could file a timely federal habeas petition. However, Waynick did not file his federal habeas petition until June 2, 2008, approximately 825 days after his state habeas petition was dismissed. Therefore, Waynick's petition is time-barred unless he demonstrates grounds for equitable tolling.[2] Waynick has made no such demonstration.

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Waynick has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Waynick's conviction became final on April 12, 2005, 90 days after the Supreme Court of Virginia refused his appeal and when his time to file a petition for writ of certiorari to the Supreme Court of the Untied States expired.

[2] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

Waynick argues that the statute of limitations should be tolled because he did not have counsel to assist him and he only had access to inadequate legal resources during his first four years of his incarceration.[3] However, Waynick's bare allegations that he was denied access to adequate legal resources are not sufficient, standing alone, to entitle him to equitable tolling. Cannon v. Bazzle, No. 9:05-0753, 2005 U.S. Dist. LEXIS 44298 (D.S.C. Sept. 30, 2005). Instead, a petitioner must present evidence regarding the steps he took to diligently pursue his remedies during the time that he was allegedly deprived of access to legal materials. Id. (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), cert. denied, 540 U.S. 971 (2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling), cert. denied, 535 U.S. 1055 (2002)); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Despite being given the opportunity to amend his petition, Waynick has not demonstrated that he diligently pursued his claims. Accordingly, the court finds that Waynick has not demonstrated any grounds for to equitable tolling.

### III.

For the reasons stated, the court dismisses Waynick's petition as untimely.

ENTER: This 3rd day of July, 2008.

United States District Judge

---

[3] The court notes that, in his response to the court's conditional filing order, Waynick makes a passing statement that he is actually innocent of his conviction; however, he does not allege this claim in his original petition and provides no argument to support this claim. Accordingly, the court finds his unsupported allegation insufficient to warrant equitable tolling in this case.